**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SENTIENT SENSORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Defendant. | C.A. No. 19-1868-MN |

**[PROPOSED]**
**CYPRESS'S *REPLY* IN SUPPORT OF MOTION FOR REARGUMENT**

Cypress (as well as Sentient) sought construction of the term "instrument controller." That request – by definition – applies to anywhere in the various claims that the term appears. Indeed, Sentient's opposition brief does not appear to dispute that the Federal Circuit requires disputed terms in the body of a claim be construed. Accordingly, as the term "instrument controller" is a disputed term that appears in the body of the claims, the term needs to be construed at some point prior to trial. Moreover, Sentient also continues to confuse precedent as to when preamble terms can be limiting. Contrary to Sentient's arguments, the Federal Circuit has repeatedly ruled that the proper test is whether the term is essential to understanding the other terms in the body of the claim, ***OR***, ***separately***, whether the term provides antecedent basis for terms within the body of the claim. Fixing Sentient's clear error now should allow this case to be dismissed.

**C.W. Zumbiel**: Nowhere does Sentient's opposition attempt to substantively address the rulings dispositive of the preamble issue that were presented in Cypress's motion. Critically, Cypress's motion observes that in *C.W. Zumbiel Co. v. Kappos*, 702 F.3d 1371, 1385 (Fed. Cir. 2012) the Federal Circuit stated:

> In *Catalina Marketing International, Inc. v. Coolsavings.com, Inc.*, ***we stated that the preamble constitutes a limitation when the claim(s) depend on it for antecedent basis***, ***or*** when it "is essential to understand limitations or terms in the claim body." 289 F.3d 801, 808 (Fed. Cir. 2002). Here, "***containers***" as recited in the claim body depend on "***a plurality of containers***" in the preamble as an antecedent basis. ***Therefore, these terms recited in the preamble are limitations*** as the Board concluded.

(emphasis added). Here, the preamble term "instrument controller" is repeated in the body of the claim and is therefore an antecedent basis – one that satisfies the requirement for being a limitation and resolves the issue of whether the term should be construed. But, Sentient still insists that the term "instrument controller" is not limiting because it could be easily replaced with a generic structural term like "device" and that it adds nothing to "structurally complete invention." Opp. at 5. The ruling in *C.W. Zumbiel* expressly rejects the clear error of law that Sentient invites this Court to commit. In simple terms, the Federal Circuit states that a preamble is a limitation when it provides an antecedent basis ***OR*** when it is essential to understand terms in the claim. *C.W. Zumbiel* was among the cases cited by *Fought* and forcefully supports the clear ruling in that case and discussed at length by Cypress in prior briefing: "We have ***repeatedly*** held a preamble limiting when it serves as antecedent basis for a term appearing in the body of a claim." *In re Fought*, 941 F.3d 1175, 1178 (Fed. Cir. 2019). (emphasis added).[1] Indeed, despite repeated invitations to do so, Sentient provides zero authority that has ***ever*** found a preamble term ***not*** to be limiting when that term also appears verbatim in the body of a claim.

**Catalina Mktg. Int'l:** Sentient also nowhere addresses the dispositive ruling in a case Sentient itself originally cited: *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002). There, in Claim 1 a particular phrase in the preamble was ***not*** limiting, yet, in

[1] This reply does not otherwise repeat the detailed explanation in Cypress's opening motion of the plain errors in Sentient's views regarding the *Fought* and the *Am. Med. Sys. Inc*. decisions.

Claim 25 that ***same*** phrase in the preamble ***was*** limiting – the only difference was that in Claim 25 the preamble phrase was repeated verbatim in the body of claim:

> While the phrase "located at predesignated sites such as consumer stores" appears only in the preamble of Claim 1, this language appears in both the preamble and body of Claim 25. Hence, the applicants specifically included this language in the claim not once, but twice. ***By virtue of its inclusion* in the body of Claim 25, this phrase limits Claim 25.** This court, therefore, ***must determine*** whether the district court's construction of the disputed phrase is correct as a matter of law.

*Id*. at 810–11 (emphasis added). This ruling would be impossible under Sentient's view of the law. Critically, the Federal Circuit also expressly held that in ***claim 1***: "The applicant did ***not*** rely on this phrase to define its invention ***nor*** is the phrase essential to understand limitations or terms in the claim body." *Id.* at 810 (emphasis added) ("The claim body defines a structurally complete invention."). Yet, when that ***same*** term was repeated in the body of ***claim 25***, the Federal Circuit ruled it was limiting – merely "[b]y virtue of its inclusion in the body of Claim 25." *Id*. at 811. The above precedent indisputably supports the Federal Circuit's plain statement in *Fought* that a preamble is limiting when it serves as an antecedent basis and, thus, establishes that Sentient's arguments concerning the preamble invite clear error.

**Procedural Arguments**: Perhaps because it could not dispute the above dispositive rulings of the Federal Circuit, Sentient's opposition focuses upon alleged procedural flaws. None have merit. First, Sentient argues that Cypress waived an argument because it did not present it earlier. This assertion is curious given Sentient's own decision not to raise the entire preamble issue until its Reply brief. *See* D.I. 63 (Jnt. C.C. Br.) at ECF 29[2] (noting Sentient raised the "brand new argument that the preamble is not limiting" for first time in reply). Indeed, Sentient's reply

[2] While Sentient was apparently confused (*see* D.I. 95 (Opp'n) at 3 n.1), Cypress referenced the Joint Brief by its ***ECF*** pagination throughout its Motion for Reargument, and does so here, adding the term "ECF" to avoid any further confusion.

contradicts its own opening brief, where it asserted that "instrument controller" is a term that "serves to define the penumbra under which constituent electronic components, their interconnection, and their interaction are defined" and that construed properly it limited the invention to a circuit that provides "System on a Chip" control functions. *Id.* at ECF 9. While Sentient arguably waived any preamble argument (*see id*. at ECF 29-30), Cypress used the limited pages of its sur-reply to address the belatedly-raised issue along with the merits. Sentient's complaint about the depth of Cypress's discussion of the preamble issue is, therefore, inapt.

Moreover, Sentient is simply wrong. Cypress argued from the outset that repetition of the term "instrument controller" in the body of the asserted claims is dispositive of Sentient's argument that the term is not limiting. *See id*. at ECF 30 ("This use as antecedent basis is by itself dispositive of Sentient's argument …"). Counsel's argument at the *Markman* hearing simply made this point more forcefully – specifically, that the preamble issue is entirely beside the point (*i.e.*, whether the term "instrument controller" is interpreted as being limiting because it adds essential structure), because regardless of how you interpret the term, it is repeated in the body of the claim (and the preamble provides an antecedent basis). Secondly, Sentient argues that Cypress's motion fails to satisfy the standard for seeking reargument. To the contrary, multiple precedential rulings firmly establish that Sentient's view of the law has invited clear error that would result in manifest injustice. Lastly, Sentient has taken issue with Cypress regarding the requirements of Local Rule 7.1.1. Cypress addresses that issue in the requisite 7.1.1 certification for this motion.

## CONCLUSION

For the reasons above and those in its motion, Cypress respectfully requests that the Court grant the request for reargument and construe "instrument controller" as proposed by Cypress.

Dated: March 1, 2021

FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*

Thomas L. Halkowski (#4099)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
halkowski@fr.com
sundermeir@fr.com

David M. Hoffman
Claire J. Krebs
Fish & Richardson P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
hoffman@fr.com
krebs@fr.com

*Attorneys for Defendant*
*Cypress Semiconductor Corporation*