IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTIENT SENSORS, LLC )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>CYPRESS SEMICONDUCTOR )<br>CORPORATION )<br> )<br>    Defendant. )<br> ) | C.A. No. 19-cv-01868-MN |

**SENTIENT'S OPPOSITION TO CYPRESS'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF CYPRESS'S MOTION FOR REARGUMENT**

OF COUNSEL:

Michael Shanahan
Scott H. Kaliko
KALIKO & ASSOCIATES, LLC
633 Wyckoff Ave.
Wyckoff, NJ  07481
302-739-5555
skaliko@kalikolaw.com

Gerald J. Flattmann Jr.
Steven J. Rizzi
Andrew J. Cochran
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Fl.
New York, NY  10036
212-556-2157
gflattman@kslaw.com
acochran@kslaw.com
srizzi@kslaw.com

ECKERT SEAMANS CHERIN & MELLOTT LLC

Gary W. Lipkin (#4044)
Alexandra D. Rogin (#6197)
222 Delaware Ave., 7th Floor
Wilmington, DE  19801
(302) 574-7400
glipkin@eckertseamans.com
arogin@eckertseamans.com

Robert W. Morris
10 Bank Street, Suite 700
White Plains, NY  10606
914-286-6440
rwmorris@eckertseamans.com

*Attorneys for Plaintiff*

Dated:  March 4, 2021

I.      ARGUMENT

There is nothing in Cypress's Motion for Leave (D.I. 103; "Motion") or its "[PROPOSED]" Reply (D.I. 103-1; "Reply") that warrants further argument here. In fact, Cypress still does not even attempt to meet this District's standards for reargument.

*First*, the only injustice averred by Cypress is a self-serving allegation that, if the Court rules in Cypress's favor, the accused products will not infringe and that this matter will be resolved now. (Motion at 1 (stating that "[r]esolution of the preamble issue [in Cypress's favor] . . . would dispose of this matter now, because the accused products . . . could not . . . be considered multi-chip modules;" and that "review of [Cypress's Reply] would . . . avert manifest injustice by efficiently resolving this matter now.")). This is not a legally sufficient basis that justifies granting Cypress's motion.

*Second*, the concluding paragraph of Cypress's proposed Reply is not merely a request to reargue the merits but a demand that the Court reverse itself, rule the preamble a limitation, and re-insert the MCM term removed during prosecution. (Reply at 4 (stating that "Cypress respectfully requests that the Court grant the request for reargument and construe 'instrument controller' as proposed by Cypress.")). Cypress's unduly narrow interpretation of the law does not mandate such a remedy.

More than half of Cypress's proposed Reply is devoted—yet again—to *Fought*, *Catalina*, and *C.W. Zumbiel*. (Reply at 1-3.). Both *Fought* and *Catalina* were discussed in the parties' *Markman* briefing and at oral argument. (*See* D.I. 95 at 4 (providing cites to the record); *see also* D.I. 79 at 10:10-16; 12:15-13:12; 28:3-29:1; 29:24-30:6). Those arguments do not need to be repeated here. In any event, both *Fought* and *Catalina* are distinguishable; the facts in each established the preamble as a structural limitation, which is not the case here.

*C.W. Zumbiel* is cited in *Fought* and was first relied on by Cypress in its Motion for Reargument. (D.I. 90 at 4). It does not represent a change in controlling law, and Cypress does not argue otherwise. Nor would manifest injustice result if it were read differently than Cypress's incorrect reading. Like *Fought* and *Catalina*, *C.W. Zumbiel* is distinguishable because the preamble and the numerous forms of "container" appearing in the body of the claims were considered structural limitations. Indeed, the Federal Circuit held that the "terms"—referring to both the "container" and "row" terms—"recited in the preamble are limitations **as the Board concluded**." *C.W. Zumbiel Co., Inc. v. Kappos*, 702 F.3d 1371, 1385 (Fed. Cir. 2012) (emphasis added). In turn, the Board found that "[t]he preamble sets forth the arrangement of the recited plurality of containers which are referenced within the body of the claims," and "the recited containers structurally limit the finger flap [in dependent claims] by correlating the flap's position with the recited containers." *C.W. Zumbiel Co., Inc. v. Graphic Packaging Int'l, Inc.*, No. 2010-002215, 2010 WL 2852276, at *19 (B.P.A.I. July 19, 2010). Similar facts are not present in this case.

The rest of Cypress's proposed Reply concerns procedural arguments that are confusing at best. For example, it is unclear how the paragraph spanning pages 3-4 of Cypress's Reply berating Sentient for a supposed waiver helps Cypress's case for reargument. (Reply at 3-4). Further, assuming its argument was not waived but offered as "forcefully" as Cypress contends, it is difficult to see how Cypress's latest attempt at the argument would change the result. (Reply at 4).

## II. CONCLUSION

Like its Motion for Reargument, Cypress's Motion for Leave should be denied and the [PROPOSED] Reply stricken from the record.

Dated: March 4, 2021

OF COUNSEL:

Michael Shanahan
Scott H. Kaliko
KALIKO & ASSOCIATES, LLC
633 Wyckoff Ave.
Wyckoff, NJ 07481
302-739-5555
skaliko@kalikolaw.com

Gerald J. Flattmann Jr.
Steven J. Rizzi
Andrew J. Cochran
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Fl.
New York, NY 10036
212-556-2157
gflattman@kslaw.com
acochran@kslaw.com
srizzi@kslaw.com

ECKERT SEAMANS CHERIN & MELLOTT LLC

/s/ Alexandra D. Rogin
_____
Gary W. Lipkin (#4044)
Alexandra D. Rogin (#6197)
222 Delaware Ave., 7th Floor
Wilmington, DE 19801
(302) 574-7400
glipkin@eckertseamans.com
arogin@eckertseamans.com

Robert W. Morris
10 Bank Street, Suite 700
White Plains, NY 10606
914-286-6440
rwmorris@eckertseamans.com

*Attorneys for Plaintiff*