IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTIENT SENSORS, LLC<br><br>        *Plaintiff*,<br><br>    v.<br><br>CYPRESS SEMICONDUCTOR CORPORATION<br><br>        *Defendant*. | )<br>)<br>)<br>)<br>)   C.A. No. 19-cv-01868-MN<br>)<br>)<br>)<br>)<br>)<br>) |

**SOURCE CODE ADDENDUM TO PROTECTIVE ORDER**

In light of the COVID-19 pandemic, and the resulting international, Federal, state, and local travel restrictions and shelter-in-place orders (collectively, "COVID-19 Restrictions"), Plaintiff, Sentient Sensors, LLC ("Sentient" or "Receiving Party"), and Defendant, Cypress Semiconductor Corporation ("Cypress" or "Producing Party"), by and through their counsel, agree to the following additional terms governing review of software code, firmware code, and circuit layout files (collectively, "Source Code").  As used herein, "Source Code Authorized Receiving Party Representative" means: a representative of Receiving Party authorized to view Producing Party's Source Code under the Protective Order.  All Source Code related terms in the Protective Order (*see* D.I. 30) continue to govern to the extent they are not addressed by this Addendum.

The terms in this Addendum shall remain in effect only so long as COVID-19 Restrictions are in effect at the locations of respective relevant parties, such as the location of the parties' respective counsel and Source Code review consultants and experts. Once the COVID-19 Restrictions in those locations are lifted, however, the Producing Party can, at its sole discretion, continue (or resume) providing Source Code pursuant to the terms of this Addendum at any time

1

or provide Source Code pursuant to the relevant provisions of the Protective Order.

The parties acknowledge that while the terms below may not reflect the Producing Party's normal security protocols, they represent an accommodation in the interest of moving the case forward during the unprecedented COVID-19 pandemic and in light of applicable COVID-19 Restrictions and related office closures and travel restrictions. A party's agreement to make Source Code available pursuant to this Addendum shall not be construed as an admission that the provisions of the Addendum are appropriate in any other case or that these provisions provide an acceptable level of security for the Producing Party's Source Code at any other time not affected by the COVID-19 pandemic. The Addendum may not be cited as an appropriate practice to follow once the COVID-19 pandemic has passed even if the Producing Party decides to follow the terms of this Addendum after the COVID-19 Restrictions are lifted because other pandemic-related issues such as delayed office re-openings may still be experienced.

1. Source Code shall be loaded to a computer (the "Source Code Host Machine") maintained by a third-party Source Code escrow provider ("Source Code Escrow Provider"). The parties shall select a mutually agreed upon Source Code Escrow Provider, and each party shall pay half of all costs associated with the Source Code Escrow Provider.

2. No later than fourteen (14) days after a request for Source Code inspection, the Source Code Escrow Provider shall send to the Source Code Authorized Receiving Party Representative one computer capable of remotely accessing the Producing Party's Source Code (the "Remote Review Computer"). The Receiving Party may specify whether the Remote Review Computer shall be sent to the Receiving Party's outside counsel or instead directly to a different Receiving Party's Source Code Authorized Receiving Party Representative. The Remote Review Computer shall be delivered via overnight delivery service (e.g., FedEx, UPS, etc.). Once the

Source Code Authorized Receiving Party Representative is in receipt of the Remote Review Computer, the Remote Review Computer may not be removed from its location, except to be returned to the Source Code Escrow Provider or to a location requested by the Producing Party via overnight delivery service via a trackable package that must be signed for by the recipient (e.g., FedEx, UPS, etc.), after providing notice to the Producing Party and the Source Code Escrow Provider of the intended shipment and receiving confirmation from the intended recipient that shipment can be securely received. Additionally, the parties will continue to work together to assure that the Source Code Escrow Provider sends the Remote Review Computer to Sentient's Source Code reviewer, Dr. Vyacheslav Zavadsky, as soon as is practicable after this Addendum is agreed to by the parties.

3. The Remote Review Computer shall be a Windows-based laptop computer having at least 4 gigabytes of memory and a screen with a minimum size of thirteen inches. The Remote Review Computer shall be capable of connecting to the Source Code Host Machine via a laptop which shall be configured as a thin client as further detailed in a separate Addendum for Technical Services that is part of an IP Archive Agreement entered into by Sentient and Cypress along with Escrow Tech International, Inc.

4. The Remote Access Computer shall be kept, at all times when not in use in accordance with this Order, in a locked safe or locked room or locked closet or locked cabinet within the office or home of the Source Code Authorized Receiving Party Representative. Only the Source Code Authorized Receiving Party Representative may be permitted to be in the remote review room while review is taking place.

5. The Source Code Escrow Provider shall provide the Source Code Authorized Receiving Party Representative with information explaining how to start, log on to, and operate

the Remote Review Computer. The Source Code Escrow Provider shall also provide, via a secure communication (e.g., an encrypted email) the Source Code Authorized Receiving Party Representative with any required credentials to connect to the Source Code Host Machine.

6. The Remote Review Computer shall have full-disk encryption and be password protected. The Remote Review Computer will either have no peripheral device connectors or such connectors will be physically disabled and Source Code Authorized Receiving Party Representative shall not tamper with the disablement. The Remote Access Computer shall not be connected to a printer or external storage device in any way. The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than the Remote Review Computer itself in the manner in which it was configured by the Source Code Escrow Provider) (e.g., USB memory stick, mobile phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing Source Code via the Remote Review Computer. To the extent such devices are unable to be physically removed without substantial burden (e.g., desktop computers), such devices shall be powered off and remain off during the review of Source Code. The Producing Party and/or Source Code Escrow Provider may take appropriate measures, either through physical modification of the Remote Review Computer, or through modification of software on the Remote Review Computer, to prevent the use of such electronic input/output devices in conjunction with the Remote Review Computer and to prevent copying, duplicating, pasting, printing or any other duplication of the Source Code.

7. While the Remote Review Computer is in use, its screen shall be positioned in such away that it is not visible from any external window of the remote review room, or such window

shall be covered with blinds, shades, or a similar covering.

8. The Producing Party and/or the Source Code Escrow Provider may log all connections to the Source Code Host Machine. The Producing Party and/or the Source Code Escrow Provider may also terminate the secure connection to the Source Code Host Machine after 30 minutes of inactivity on the Remote Review Computer connected to the Source Code Host Machine.

9. The Receiving Party shall provide to the Producing Party a list of any individuals who access Source Code via the Remote Review Computer and the date and approximate time(s) of such review.

10. Notwithstanding any of the above provisions, the Producing Party and/or Source Code Escrow Provider may monitor and/or record the activities of the Remote Review Computer and/or the Source Code Authorized Receiving Party Representative while review through the Remote Review Computer is in progress.  All such monitoring and/or recording of the Source Code Authorized Receiving Party Representative and/or Remote Review Computer pursuant to this paragraph shall be for the sole purpose of ensuring compliance with the protective order and shall not be used for any other purpose in this Litigation or constitute a waiver of any attorney client privilege and/or work product immunity.

11. The Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code. The Source Code Printouts, including any applicable printing limits, shall be governed by the provisions of the Protective Order, except as expressly modified herein. To ensure the proper pages requested by the Receiving Party are printed, the Source Code Escrow Provider shall provide the ability for the Source Code Authorized Receiving Party Representative to save relevant files for printing as PDFs (preserving the line numbers and formatting using a

program such as Notepad++) to a folder located on the Source Code Host Machine.

12. At the conclusion of any Source Code Review, the Receiving Party shall notify the Producing Party of the existence of Source Code Printouts that it requests to be produced, which Producing Party shall obtain in PDF format from the Source Code Escrow Provider. Thereafter, Source Code Printouts shall be produced in accordance with the provisions of the Protective Order.

13. The Source Code Escrow Provider shall install tools on the Remote Review Computer and/or Source Code Host Machine, which will allow Source Code Authorized Receiving Party Representatives to view, search, or analyze the Source Code, provided that such utilities are reasonable and non-destructive to the Source Code. At a minimum, the Remote Review Computer and/or Source Code Host Machine shall include Notepad++ software, version 7.9.3 or later. The Receiving Party may request that other mutually-agreeable commercially available software tools for viewing and searching Source Code be installed on the Remote Review Computer and/or Source Code Host Machine, provided, however, that such other software tools are reasonably necessary for the Source Code Authorized Receiving Party Representative to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party and Source Code Escrow Provider with a licensed copy of the relevant software, whether using a CD, DVD, or in the case of software accessible over the internet, relevant keys or information to legally access reasonably in advance of any scheduled Source Code Review.

| | |
|---|---|
| ECKERT SEAMANS CHERIN<br>& MELLOTT, LLC | FISH & RICHARDSON, P.C. |
| By: */s/ Alexandra D. Rogin*<br>    Gary W. Lipkin (#4044)<br>    Alexandra D. Rogin (# 6197)<br>    222 Delaware Ave, 7th Floor<br>    Wilmington, DE 19801<br>    Telephone: 302-574-7400<br>    glipkin@eckertseamans.com<br>    arogin@eckertseamans.com<br><br>OF COUNSEL:<br><br>Robert W. Morris<br>ECKERT SEAMANS CHERIN<br> & MELLOTT, LLC<br>10 Bank Street, Suite 700<br>White Plains, NY 10606<br>Telephone: 914-286-6440<br>rwmorris@eckertseamans.com<br><br>Michael Shanahan<br>Scott H. Kaliko<br>KALIKO & ASSOCIATES, LLC<br>633 Wyckoff Ave.<br>Wyckoff, NJ 07481<br>302-739-5555<br>skaliko@kalikolaw.com<br><br>Gerald J. Flattmann, Jr.<br>Steven J. Rizzi<br>Andrew J. Cochran<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036<br>Telephone: 212-556-2157<br>GFlattmann@kslaw.com<br>srizzi@kslaw.com<br>ACochran@kslaw.com<br><br>*Attorneys for Plaintiff*<br>*Sentient Sensors, LLC* | By: *Thomas L. Halkowski*<br>    Thomas L. Halkowski (#4099)<br>    Grayson P. Sundermeir (#6517)<br>    222 Delaware Avenue, 17th Floor<br>    P.O. Box 1114<br>    Wilmington, DE 19899<br>    Telephone: (302) 652-5070<br>    halkowski@fr.com<br>    golden@fr.com<br><br>David M. Hoffman<br>FISH & RICHARDSON, P.C.<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701<br>Telephone: (512) 472-5070<br>hoffman@fr.com<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>*Attorneys for Defendant*<br>*Cypress Semiconductor Corporation* |
7

IT IS SO ORDERED this 6th day of April 2021.

                                                     */s/ Maryellen Noreika*
                                                    The Honorable Maryellen Noreika
                                                    United States District Judge