IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENTIENT SENSORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1868 (MN) |
| | ) | |
| CYPRESS SEMICONDUCTOR CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 17th day of May 2021:

On January 28, 2021, the Court issued a Memorandum Order ("the Order") regarding claim construction for U.S. Patent No. 6,938,177 ("the '177 Patent"). (D.I. 89). Before the Court is Defendant Cypress Semiconductor Corporation's ("Defendant") motion (D.I. 90) for reargument of the Order. Defendant seeks reargument on construction of the term "instrument controller," as found in the preambles of claims 1–20 and the bodies of several claims. The motion is fully briefed. (D.I. 90; D.I. 95; D.I. 103-1). Also before the Court is Defendant's motion for leave to file reply in support of its motion for reargument, which is fully briefed. (D.I. 103; D.I. 104; D.I. 105). The Court GRANTS Defendant's motion for leave to file its reply. For the reasons stated below, however, the Court DENIES Defendant's motion for reargument.

**I.     STANDARD OF REVIEW**

Rule 7.1.5 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware allows litigants to file motions for reargument but states that such motions "shall be sparingly granted." D. DEL. LR 7.1.5. The decision to grant a motion for

reargument or reconsideration[1] is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662 (MN), 2019 WL 2745723, at *1 (D. Del. July 1, 2019); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Motions for reargument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citing *Brambles*, 735 F. Supp. at 1241). Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, Civil Action No. 09-814-JRF, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009). Motions for reargument or reconsideration should not be granted if the "proponent simply rehashes materials and theories already briefed, argued and decided." *Schering*, 25 F. Supp. at 295.

## II. DISCUSSION

Defendant argues that "reargument is appropriate because there has been a clear error of law that will result in manifest injustice." (D.I. 90 at 1–2). First, Defendant asserts that "when parties dispute a term appearing in the body of the claims, it must be construed." (D.I. 90 at 2 (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008))). That statement of law is incorrect. Rather, the Federal Circuit has held that "[w]hen the parties raise an actual dispute *regarding the proper scope* of . . . claims, the court, not the jury, must

---

[1] Defendant's motion seeks "reargument" but recites the legal standard for a motion for reconsideration.

*resolve that dispute.*" *O2 Micro*, 521 F.3d at 1360 (emphases added). *See also id.* at 1362 ("We, however, recognize that district courts are not (and should not) be required to construe *every* limitation present in a patent's asserted claims." (emphasis in original)); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy.").

During claim construction, the parties disputed the proper construction of the term "instrument controller" and whether the term, as it appears in the preambles, is limiting. Plaintiff asserted that the preamble term is nonlimiting and, if the Court agreed, the term need not be construed. (*See* D.I. 79 at 14:13–15:17). Defendant contended that the claim term should be construed as a "multichip module instrument controller," and that the term is limiting when used in the preambles. (*Id.* at 17:23–18:4). After considering the parties' arguments and the patents, the Court agreed with Plaintiff that the preamble was nonlimiting and the term "instrument controller" need not be construed.[2] The Court therefore discharged its duty to resolve the parties' dispute.[3]

---

[2] The Court's reason for declining to construe the term "instrument controller" is the same as its reason for finding the term nonlimiting in the preambles. (*See* D.I. 89 at 9–10). Namely, the Court agrees with Plaintiff that the term "instrument controller" as used in the '177 Patent is simply a "container or box . . . with all [the] essential components." (D.I. 79 at 28:24–25). Therefore, the Court need not construe the "instrument controller" as either multi-chip, as Defendant argued, or a system-on-a-chip, as Plaintiff alternatively argued. The Court, however, will not foreclose either party from raising the issue again, if appropriate, as the record evolves. *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("[C]ourts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves. This is particularly true where issues involved are complex, either due to the nature of the technology or because the meaning of the claims is unclear from the intrinsic evidence." (citation omitted))

[3] The Court also did not misapprehend or ignore Defendant's argument that the term "instrument controller" is in the bodies of claims and therefore must be construed. Indeed, during the *Markman* hearing, the Court considered and asked Plaintiff to respond to Defendant's argument. (D.I. 79 at 25:14–28:25).

Second, Defendant argues that the Court's ruling was clear legal error because "a term appearing verbatim in the preamble and the body should be construed." (D.I. 90 at 4). Defendant does not provide, and the Court is not aware of, any authority that squarely supports that proposition. *See Chanbond, LLC v. Atl. Broadband Grp., LLC*, Civil Action No. 1:15-cv-00842-RGA through 00854, 2016 WL 7177612, at *5 (D. Del. Dec. 9, 2016) (finding term "intelligent device" in claim bodies did not necessarily require construction because claim bodies clearly referred to same "intelligent device" in preambles). Instead, Defendant cites cases that found preamble terms limiting as reciting essential structure or providing antecedent basis. (*Id.* at 4–6 (citing *C.W. Zumbiel Co. v. Kappos*, 702 F.3d 1371, 1385 (Fed. Cir. 2012)). These arguments, however, have already been made and considered.[4] The Court decided that antecedent basis was not dispositive in this case. (D.I. 89 at 9). *Cf. Shoes by Firebug LLC v. Stride Rite Children's Grp., LLC*, 962 F.3d 1362, 1368 (Fed. Cir. 2020) ("While antecedent basis alone is not determinative of whether a preamble is limiting, use of preamble terms to define positive limitations in the body of claims can evince an inventor's intent that the preamble limit the scope of the claim."); *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) ("[D]ependence on a particular disputed preamble phrase for antecedent basis *may* limit claim scope because it indicates a reliance on both the preamble and claim body to define the claimed invention." (emphasis added)). Further, the Court disagreed that the term imparted essential structure. (D.I. 89 at 10). *See IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1434 (Fed. Cir. 2000) ("The phrase 'control apparatus' in the preamble merely gives a descriptive

---

[4] Defendant's argument relies heavily on authorities already presented by the parties and considered by the Court. (*See* D.I. 90 at 2–6 (citing *Am. Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354 (Fed. Cir. 2010); *In Re Fought*, 941 F.3d 1175 (Fed. Cir. 2019); *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002))).

name to the set of limitations in the body of the claim that completely sets forth the invention."). Defendant has not shown that the Court is required to construe a term that appears verbatim in claim preambles and claim bodies. Instead, Defendant uses this motion to simply rehash its argument that the preamble should be limiting and therefore construed. The Court cannot grant reargument or reconsideration on this basis.

Finally, Defendant asserts that "construing the term 'instrument controller' is especially necessary here, because when properly interpreted, the term limits the invention to the multi-chip-module structure that the patentee expressly and repeatedly asserted to be 'the invention.'" (D.I. 90 at 6). Defendant relies on the same authorities and intrinsic evidence it presented in briefs and at the *Markman* hearing. (*Id.* at 6–7 (citing *Honeywell Int'l, Inc. v. ITT Indus.*, 452 F.3d 1312 (Fed. Cir. 2006)). The Court considered those arguments during claim construction. (*See, e.g.*, D.I. 79 at 6:20–24 ("[T]he problem I'm having with the plaintiff's position here is it's not just embodiments that refer to the multi-chip modules, it's . . . repeatedly in the specification talking about [']the present invention['] and those words . . . catch my attention.")). The Court ultimately disagreed with Defendant's proposed construction of the disputed term. Defendant's request that the Court rethink its decision is an improper use of a motion for reconsideration or reargument.

Defendant has not shown how the Court's ruling on the term "instrument controller" is a clear error of law that would result in manifest injustice if not corrected. Defendant appears to argue that the Court made an error of reasoning, not of apprehension. Those arguments are not proper grounds for the requested relief. Therefore, Defendant's motion for reargument is denied.

### III. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Cypress Semiconductor Corporation's Motion for Reargument (D.I. 90) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge