IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SENTIENT SENSORS, LLC,

    Plaintiff,

v.

CYPRESS SEMICONDUCTOR CORPORATION,

    Defendant.

C.A. No. 19-1868-MN

**CYPRESS SEMICONDUCTOR'S REQUEST FOR RESOLUTION OF CLAIM CONSTRUCTION UNDER *O2 MICRO*** 

Thomas L. Halkowski (#4099)
Grayson P. Sundermeir (#6517)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
halkowski@fr.com
sundermeir@fr.com

David M. Hoffman
Fish & Richardson P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
hoffman@fr.com

*Attorneys for Defendant*
*Cypress Semiconductor Corporation*

Dated: June 22, 2021

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. LEGAL STANDARD........................................................................................................... 3
III. PROCEDURAL BACKGROUND AND ARGUMENT ...................................................... 4

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eon Corp. IP Holdings v. Silver Spring Networks,*
   815 F.3d 1314 (Fed. Cir. 2016) ............................................................................................... 3

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,*
   521 F.3d 1351 (Fed. Cir. 2008) ............................................................................................ 2, 3

*Olaf Soot Design, LLC v. Daktronics, Inc.,*
   839 F. App'x 505 (Fed. Cir. 2021) ......................................................................................... 3

*In re Papst Licensing Digital Camera Pat. Litig.,*
   778 F.3d 1255 (Fed. Cir. 2015) ............................................................................................... 3

*Wi-LAN USA, Inc. v. Apple Inc.,*
   830 F.3d 1374 (Fed. Cir. 2016) ............................................................................................... 3

**I.     INTRODUCTION**

As the Court is aware, at the *Markman* hearing, the Court rejected Sentient's proposed construction of "embedded" to mean "on chip," and held that the plain meaning construction advanced by Defendants applied instead:

> "embedded" shall have its plain and ordinary meaning, specifically, "***embedded within the component*** that is required in that part of the claim" ('177 Patent – Claims 1, 5, 6, 9, 10, 13, 15, 17, & 20)

(D.I. 89 at 2.)  This construction by the Court means that the larger claim term "a processor … having an embedded memory for storing an initialization program" should be construed as having its plain meaning, because no other terms within it were construed by either party.  Thus, under the Court's Order, the claims require the memory to be "embedded within" the processor (as opposed to being merely coupled to the processor, like the other memories recited in the claims).

However, in the recent expert report of Sentient's expert, he stated that "I am instructed by counsel that…an 'embedded memory,' as recited in the claim and as construed by the Court can be ***any memory on the device, and is not required to be inside the processor***."). (*See* D. I. 148, Ex. 7 (Zavadsky Rpt.) at ¶ 231.)  And, as Sentient's expert uses the term "device," it is a reference to the accused Cypress chip.  In other words, Sentient and their expert appear to be interpreting the plain meaning of the "processor having" language to not require that the processor have the embedded memory, but instead to allow the memory to be located anywhere on-chip.  This is in substance the position the Court rejected during claim construction.  (*See* D.I. 89 at 2, 5-6.)  And it is significant because none of the Accused Products uses a processor that has an embedded memory storing the initialization program – rather, the relevant memory is located elsewhere on the chip and is coupled to the processor.

1

Sentient's position reveals a clear dispute between the parties as to the scope of the plain meaning of the claim limitation "a processor…having an embedded memory for storing an initialization program." The plain meaning cannot simultaneously require the memory be "embedded within the component [processor]" (Cypress's understanding of the Court's claim construction), while also allowing the "embedded" memory to be "any memory on the device" (Sentient). Thus, there is, surprisingly, still a dispute as to the scope of the claim that needs resolution by the Court. "When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (*citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996)).

Upon seeing Sentient's position (in its expert report), Cypress originally believed that this claim construction dispute would be naturally resolved as part of Cypress's summary judgment motion. However, as the Court has now stricken that motion, there is no present procedural mechanism for the Court to resolve this claim construction dispute prior to trial. Accordingly, Cypress submits this request to the Court so that the Court can decide/affirm the proper scope of the claims;[1] also, if the Court desires additional discussion, Cypress proposes that each side

---

[1] Cypress met and conferred with Sentient on June 16, 2021 regarding this request and Sentient opposes it. Sentient asserts that this request is another attempt at summary judgment; that it believes the Court has affirmatively ruled in its favor on the merits of summary judgment, because the Court had the opening and opposition summary judgment briefing at the time of the discovery hearing; and that Sentient would seek sanctions for Cypress submitting this request for relief.

Cypress does not through this request seek to overturn the Court's decision striking its prior summary judgment motion. Cypress simply asks the Court to construe the disputed claim limitation such that Cypress and Sentient can properly prepare for trial without this lingering legal dispute as the meaning of the claims. Cypress believes that the plain meaning indeed

2

could be allowed to submit five pages of simultaneous briefing on the scope of the plain meaning.

## II.  LEGAL STANDARD

"When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996)).  It is "legal error" for the court to leave a "question of claim scope unanswered, leaving it for the jury to decide." *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (finding "legal error" where the district court gave a disputed term its plain and ordinary meaning).  *See also Olaf Soot Design, LLC v. Daktronics, Inc.*, 839 F. App'x 505, 509 (Fed. Cir. 2021) (nonprecedential) (finding the district court violated *O2 Micro* when it "belatedly resolved" a claim construction dispute post-jury-verdict rather than prior to the jury trial).  Indeed, a court "may (and sometimes must) revisit, alter, or supplement its claim constructions (subject to controlling appellate mandates) to the extent necessary to ensure that final constructions serve their purpose of genuinely clarifying the scope of claims for the finder of fact." *In re Papst Licensing Digital Camera Pat. Litig.*, 778 F.3d 1255, 1261 (Fed. Cir. 2015); *see also Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1385 (Fed. Cir. 2016) ("[A] district court may engage in rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.").

---

forecloses infringement, but as Cypress no longer has a summary judgment motion, that argument will necessarily need to wait for the jury or JMOL.

3

### III.  PROCEDURAL BACKGROUND AND ARGUMENT

As noted above, during the prior claim construction phase, the parties disputed the meaning of "embedded memory."  Cypress proposed that the term meant "embedded within the component that is required in that part of the claim", with an additional parenthetical "(i.e., implanted)."  (D.I. 89 at 5.)  Sentient proposed to the Court that embedded instead meant "on-chip."  The Court rejected Sentient's construction and adopted the core of Cypress's construction, ruling that "'embedded' shall have its plain and ordinary meaning, specifically, "embedded within the component that is required in that part of the claim."  (D.I. 89. at 2.)  Neither party asked this Court to further construe the meaning of the larger phase "a processor. . . having an embedded memory for storing an initialization program."  Thus, the Court's plain meaning construction applies to this phrase.

Approximately three and a half months after the Court's claim construction order, on May 10, 2021, Sentient's expert provided his report on infringement.  In this report, he applied the following construction:

> I understand the Court construed the term "embedded" and I am instructed by Counsel that "embedded" does not mean "implanted" and thus an "embedded memory," as recited in the claim and as construed by the Court, can be ***any memory*** on the device, and is not required to be inside the processor.

(D.I. 148, Ex. 7 (Zavadsky Rpt.) at ¶¶ 231, 238, 249, 256.)

Upon receiving this report from Sentient's expert, Cypress saw that Sentient's infringement position contravened the Court's construction, because it explicitly depended on the "processor … having an embedded memory" limitation as ***not*** requiring that the processor actually have the required embedded memory.  Rather, according to Sentient, the embedded memory could be "any memory on the device" – in other words, any memory on the chip – that is coupled to the processor.  (*Id.*)

4

Cypress believes that this "any memory on the device" construction is not within the plain meaning of the "processor … having an embedded memory" limitation, and in substance is the same position that Sentient offered and the Court rejected during claim construction. This is underscored by the claim distinguishing between memories that are "coupled to" the processor (*i.e.*, potentially anywhere on the device) and the "embedded memory" which the processor "has." Thus, Sentient's infringement position is based on a legally flawed, and Cypress believes already rejected, claim construction position.

Cypress addressed this flawed claim construction position in its summary judgment motion, which was filed shortly after Sentient's expert report. Cypress anticipated this claim construction dispute would then be resolved as part of that motion, because Cypress's motion was premised on the correct claim construction. However, as Cypress's motion has now been stricken without a decision on the merits, this claim construction dispute remains unresolved.

Accordingly, Cypress respectfully requests that the Court take up this claim scope dispute, *i.e.,* is the plain meaning of the term "a processor. . . having an embedded memory for storing an initialization program" that:

1. The requisite memory is "embedded within the component [processor]" (Cypress's understanding of the Court's construction)

    or

2. The requisite memory can be located anywhere on the device (chip) and be coupled to the processor (Sentient).

As noted above, under the *O2Micro* case and its progeny, this decision of claim scope is a question of law that is committed to the Court and not a jury. Accordingly, the proper scope of the claim will need to be decided prior to trial. Cypress respectfully requests that the Court

entertain short briefing on this issue so that it can be decided by the Court, if possible, before Sentient provides its amended expert report on infringement.

Ruling on this claim construction dispute now will permit Sentient and Cypress's experts to use the proper claim construction in their supplemental reports (to be served after Sentient takes the additional discovery recently allowed by the Court) and for the parties to make any additional adjustments to their cases prior to the start of trial. It would be inefficient for the Court and parties and potentially confusing for the jury if resolution of this dispute is delayed. Indeed, it is likely that the dispute will otherwise propagate into expert depositions, *Daubert* motions, and motions *in limine*. If the Court resolves this dispute prior to those events, however, the parties and Court will not need to deal with the issue again and again. Obviously, once the Court rules, the parties can proceed accordingly.

Cypress therefore respectfully requests that the Court set a briefing date for the parties to provide simultaneous five page briefs on whether the term "a processor. . . having an embedded memory for storing an initialization program" requires the requisite memory be "embedded within" the accused processor or alternatively permits the memory to be located anywhere on the accused device.[2]

Dated: June 22, 2021         FISH & RICHARDSON P.C.

By: /s/ *Grayson P. Sundemeir*
    Thomas L. Halkowski (#4099)
    Grayson P. Sundermeir (#6517)
    222 Delaware Avenue, 17th Floor
    Wilmington, DE 19801
    Telephone: (302) 652-5070
    halkowski@fr.com
    sundermeir@fr.com

---

[2] Cypress believes this issue is simple enough that the Court can resolve it in the context of this motion alone, even without further briefing, if the Court prefers.

6

         David M. Hoffman
         Fish & Richardson P.C.
         111 Congress Avenue, Suite 810
         Austin, TX 78701
         Telephone: (512) 472-5070
         hoffman@fr.com

*Attorneys for Defendant*
*Cypress Semiconductor Corporation*

## **RULE 7.1.1 CERTIFICATION**

Pursuant to D. Del. Local Rule 7.1.1, the undersigned counsel for Cypress has made reasonable efforts to reach agreement with counsel for Sentient on the matters provided in this motion. Cypress's counsel contacted Sentient's out-of-state counsel and local counsel via email and subsequently also discussed these issues with them via telephone conference. As noted above, in footnote 1, Sentient has not agreed to the relief requested in this Motion.

/s/ *Grayson P. Sundermeir*
Grayson P. Sundermeir
