

ECKERT
SEAMANS
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
T: (302) 574 7400
F: (302) 574 7401
www.eckertseamans.com

*Gary W. Lipkin*
*(302) 574-7400*
*glipkin@eckertseamans.com*

*Alexandra D. Rogin*
*(302) 552-2935*
*arogin@eckertseamans.com*

June 23, 2021

**VIA ELECTRONIC FILING**
The Honorable Maryellen Noreika
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Rm. 4324
Wilmington, DE 19801-3655

**Re:** ***Sentient Sensors, LLC v. Cypress Semiconductor Corporation***
**D. Del., No. 1:19-cv-01868-MN**

Dear Judge Noreika:

Sentient writes regarding Cypress's recent June 22, 2021 filing styled as a "Request for Resolution of Claim Construction Under *O2 Micro*" (D.I. 165-166).[1] In Sentient's opinion, Cypress's "Request" is nothing more than a motion for the Court to reconsider its recent decision to deny as stricken Cypress's Motion for Summary Judgment (Jun. 4, 2021 Minute Entry; *see also* D.I. 163 (transcript of Jun. 4, 2021 hearing)).

Unable to accept the Court's denial of its summary judgment motion, Cypress called a meet and confer with Sentient on June 16, 2021, intending to seek partial reconsideration of that decision. *See* attached email. During that meet and confer, Sentient pointed out that the Court repeated its denial of Cypress's motion multiple times during oral argument and that Sentient believed such a filing to be ill-advised and recommended against it. Cypress then recharacterized the issue as one of purely "claim construction" and, as such, implied that its request was proper and timely. Not so. Sentient respectfully requests that the Court recognize this motion for what it is—an end-run around the Court's recent denial of summary judgment.

This would appear to be clear from Cypress's motion itself. For example, on page 2, Cypress expresses surprise that the Court denied its summary judgment motion and continues to press for its consideration.

[1] *O2 Micro* is concerned with a term given its plain and ordinary meaning, not one that was expressly construed by the Court as here. Further, *O2 Micro* is concerned with whether a Doctrine of Equivalents (DOE) argument was permissible in view of amendments made during prosecution. No such amendments or questions are present in this case. Moreover, Sentient's DOE arguments on this claim element remain, and as such, Cypress apparently seeks a form of factual ruling – which was denied by the Court.

The Hon. Maryellen Noreika
June 23, 2021
Page 2

Upon seeing Sentient's position (in its expert report), Cypress originally believed that this claim construction dispute <u>would be naturally resolved as part of Cypress's summary judgment motion</u>. However, as the Court has now stricken that motion, there is no present procedural mechanism for the Court to resolve this claim construction dispute prior to trial.

Then, at pages 4-7, Cypress repeats its rejected summary judgment position by unilaterally formulating two options for the Court to choose from and, despite waiting months to seek this "clarification," now tells the Court it should decide the issue based on its two options within a month:

> Cypress respectfully requests that the Court entertain short briefing on this issue so that it can be decided by the Court, if possible, before Sentient provides its amended expert report on infringement.

This comes in the wake of at least one other failed attempt to challenge the Court's previous ruling (*e.g.*, Cypress's Motion for Reargument on the "instrument controller" term; D.I. 90, 95, 103-105, and 130 (denying Cypress's motion)), and belatedly and materially changing the record after close of fact discovery (D.I. 146 and 148), the latter of which resulted in an imposition of fees against Cypress.

Most telling, however, is the timing of this request. Cypress waited more than 7 months after the Court's Oral Order on claim construction (D.I. 89)—and then *only after* its summary judgment motion was denied—to raise this issue with the Court. It is now too late for Cypress to seek re-argument on this issue. *See* District of Delaware L.R. 7.1.5. Cypress required no such "clarification" in its summary judgment motion prior to its denial, or even after Sentient filed its opening expert report, which adds to the growing body of evidence that Cypress is willing to resort to unconventional means to achieve the outcome it believes it is entitled to, no matter how unreasonable.

Accordingly, Sentient seeks guidance as to whether the Court wants to see this "new" issue fully briefed. In the absence of any guidance, Sentient will oppose Cypress's motion in accordance with the local rules.


The Hon. Maryellen Noreika
June 23, 2021
Page 3

 

Sentient is a small family-owned business with limited resources and is disadvantaged by the seemingly endless filings by Cypress, a multi-billion-dollar-a-year company that has no such constraints.

Respectfully Submitted,

*/s/ Alexandra D. Rogin*

Alexandra D. Rogin (Bar No. 6197)
*Counsel for Plaintiff*