# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENTIENT SENSORS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 19-1868 (MN) |
| CYPRESS SEMICONDUCTOR CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 24th day of June 2021:

Before the Court is the Motion for Resolution of Claim Construction under *O2 Micro* (D.I. 165) filed by Defendant Cypress Semiconductor Corporation ("Cypress"). Cypress seeks further construction of the claim term "embedded," which appears in claims 1, 5, 6, 9, 10, 13, 15, 17, and 20 of U.S. Patent No. 6,938,177. Plaintiff Sentient Sensors, LLC ("Sentient") has filed a Letter (D.I. 167) in opposition to Cypress's motion. For the reasons set forth below, the motion is DENIED.

1. District courts have "considerable latitude in determining when to resolve issues of claim construction." *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). The Court "may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves. This is particularly true where issues involved are complex, either due to the nature of the technology or because the meaning of the claims is unclear from the intrinsic evidence." *Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (citation omitted). The Federal Circuit has repeatedly upheld a district court's decision to revisit claim construction as the case

progresses, including at trial. *See, e.g.*, *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (not improper for district court to supplement claim construction in the midst of a jury trial where parties were given opportunity to consider new construction and present arguments accordingly); *CytoLogix*, 424 F.3d at 1172 (as long as conflicting constructions are not presented to the jury, not erroneous for district court to resolve claim construction disputes at the close of evidence).

2. The Court has already expended extraordinary resources to address numerous issues and decide motions related to claim construction and infringement in this case. The parties initially disputed the construction of eight claim terms (D.I. 63), and the Court ordered the parties to meet and confer to attempt to reach agreement on the disputed terms or narrow the disputes (D.I. 66). After the parties met and conferred for just half an hour and reached no agreement or issue narrowing on any of the eight disputed terms, the Court ordered the parties to meet and confer again, at which point they limited their disputes to four terms. (D.I. 76). The Court then held a claim construction hearing (D.I. 79) and construed the remaining four disputed claim terms, including the now-disputed term "embedded" (D.I. 89).

3. After the claim construction hearing, Cypress filed a Motion for Reargument (D.I. 90) of one claim construction issue, which the Court denied (D.I. 130), as well as a disputed Motion for Leave to File a Reply (D.I. 103) in support of its motion for reargument. Cypress also filed a Motion for Summary Judgment of non-infringement. (D.I. 131). Four months before trial, Cypress materially changed its non-infringement position, which compelled the Court to give Sentient additional time to address the change – at Cypress's expense. (*See* D.I. 163 at 19:17-23).

The Court also struck Cypress's motion for summary judgment because it was based, in part, on Cypress's new and untimely non-infringement position. (*Id.* at 15:21-16:3).[1]

4. Cypress has had ample opportunity – including seven months ago when the Court first construed the term "embedded" (D.I. 89 at 5-6) – to raise the claim construction issue in the pending motion now before the Court.

5. Deciding another claim construction dispute at this stage in the proceeding would not be an efficient use of the Court's time.

6. Therefore, at the pretrial conference, the Court will address whether additional construction of the term "embedded" is necessary, and if so, how that should be accomplished consistent with Federal Circuit precedent and while keeping the current trial date. The parties should be prepared to go to trial (including by having their experts prepared to opine) on infringement and validity issues using any one of the constructions of "embedded" that has been proposed by either party during the litigation.[2]

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] Cypress also filed a Motion to Transfer (D.I. 13) this case, which the Court denied (D.I. 45). Although this is unrelated to matters of claim construction or infringement, it is further evidence of the substantial resources that this Court has already expended on this case.

[2] To be clear, this means that each side's experts shall be prepared to offer infringement and validity opinions (to the extent they have them) under the parties' originally proposed constructions, as well as the new construction now offered by Cypress and Sentient's response to it. The Court is not inviting any further constructions beyond these four alternatives.